**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

STEPHEN KNOWLES, TRUSTEE, BRICKLAYERS OF )
INDIANA RETIREMENT PLAN, BRICKLAYERS & TROWEL )
TRADES INTERNATIONAL PENSION FUND, )
BRICKLAYERS & ALLIED CRAFTWORKERS ) Case: No. 26-cv-1377
INTERNATIONAL HEALTH FUND, BAC 4 IN/KY )
APPRENTICESHIP & TRAINING PROGRAM, )
INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED )
CRAFTWORKERS LOCAL 4 OF INDIANA & KENTUCKY, )
and BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL )
4 IN/KY INDIANAPOLIS, TERRE HAUTE, BLOOMINGTON )
PENSION FUND )
         )
             Plaintiffs, )
         )
             v. )
         )
MCL PRECAST PROS LLC, a foreign limited )
liability company, )
         )
             Defendants. )

**COMPLAINT**

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN,

LLP, complain against Defendants, MCL PRECAST PROS LLC., as follows:

**JURISDICTION AND VENUE**

1.    (a)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement

Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b)    Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where

the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

**PARTIES**

2.    (a)    The Plaintiffs in this count STEPHEN KNOWLES, TRUSTEE, BRICKLAYERS

OF INDIANA RETIREMENT PLAN, BRICKLAYERS & TROWEL TRADES

INTERNATIONAL PENSION FUND, BRICKLAYERS & ALLIED CRAFTWORKERS

INTERNATIONAL HEALTH FUND, BAC 4 IN/KY APPRENTICESHIP & TRAINING

PROGRAM, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL 4 OF INDIANA & KENTUCKY ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Bricklayers Union Local 4, IN/KY and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

3.     (a)     MCL PRECAST PROS LLC (hereafter " MCL"), employs persons performing bargaining unit work in the jurisdiction of Union and is bound to make contributions for hours worked by its bargaining unit employees.

(b)     MCL, has its principal place of business in Bay City, Michigan.

(c)     MCL, is an employer engaged in an industry affecting commerce.

4.     Since June 5, 2023, MCL has entered into a collective bargaining agreement with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit "A")

5.     By virtue of certain provisions contained in the collective bargaining agreements, MCL is bound by the Trust Agreement establishing the Funds.

6.     Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, MCL , is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in

compliance with its obligation to contribute to the Funds.

7.      Plaintiffs are advised and believe that from **July 1, 2023 through the present,** MCL has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.       MCL, be ordered to submit to an audit for **July 1, 2023 through the present.**

B.      Judgment be entered on any amounts found to be due on the audit.

C.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.      MCL, be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
STEPHEN KNOWLES, et. al.

By:     /s/ Donald D. Schwartz
Counsel for the Plaintiffs

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415
dds@aandklaw.com